

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 20, 2008

**BY HAND**

The Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York  10007

> Re: <u>United States v. Charles Garland</u>
>     07 Cr. 765 (CM)

Dear Judge McMahon:

    The Government respectfully submits this letter in advance of the defendant's sentencing scheduled for May 21, 2008, at 11:00 a.m., and in response to the defendant's May 15, 2008 letter ("Def. Ltr."). For the reasons that follow, the Government agrees with the Probation Office that a sentence within the applicable Guidelines range of 78 to 97 months' imprisonment is appropriate and reasonable in this case.

## Procedural History

    Information 07 Cr. 765 (CM) charged the defendant Charles Garland in one count, namely, that, on November 2, 2006, the defendant unlawfully, willfully, and knowingly possessed images of child pornography on a computer in the New York, New York, that he had received from computers located outside of New York, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). (PSR ¶ 1).

    On September 11, 2007, the defendant appeared before the Honorable Gabriel W. Gorenstein pleaded guilty to the above charges pursuant to a plea agreement. The parties stipulated to a Guidelines Range of 78 to 97 months' imprisonment. (PSR ¶¶ 2-3). the Presentence investigation Guidelines calculations were the same as those agreed to by the parties in the plea agreement

Hon. Colleen McMahon
May 20, 2008
Page 2

- Total Offense Level 28, Criminal History Category I. (PSR ¶¶ 38, 41, 93).

## Discussion

The Government respectfully recommends that a Guidelines sentence (within the 78 - 97 months range) is appropriate and reasonable in this case. The defendant has failed to identify any circumstances that uniquely distinguish him from the typical defendant or otherwise justify a below-Guidelines sentence.

### A. The Guidelines Provide A Benchmark In Determining The Appropriate Sentence

The Guidelines still provide strong guidance to the Court in light of *United States* v. *Booker*, 543 U.S. 220 (2005) and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark." *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *Gall* v. *United States*, 128 S. Ct. at 596-97.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

Hon. Colleen McMahon
May 20, 2008
Page 3

>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within the Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 S. Ct. at 596-97 & n.6  Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 2007 WL 4292116, at *6; *see also Rita* v. *United States*, 127 S. Ct. at 2464.  To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Gall*, 128 S. Ct. at 597.

One of the important reasons why the Guidelines should be given substantial weight is that they represent the reasoned judgment of the United States Sentencing Commission.  *See United States* v. *Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006).  The Sentencing Commission is a body of experts whose statutory mission is to apply "research, experience, and analysis" to promulgate guidelines that will "further the basic purposes of criminal punishment: deterrence, incapacitation, just punishment, and rehabilitation."  U.S.S.G. Ch. 1, Pt. A, § 2.  Because these basic purposes of criminal punishment — which essentially mirror the purposes that this Court must consider pursuant to Section 3553(a)(2) — are inherently abstract, it is difficult to overstate the value of the perspective of a national commission whose charter is to collect and analyze data on sentences imposed throughout the nation.  Absent the national perspective they provide, it is hard to imagine how the sentencing factor identified in Section 3553(a)(6) — namely, "the need to avoid

Hon. Colleen McMahon
May 20, 2008
Page 4

unwarranted disparities among defendants with similar records who have been found guilty of similar conduct" — could be meaningfully considered at all.

**B.  The Court Should Strongly Consider a Guidelines Sentence in This Case**

Here, the Probation Department has recommended a specific sentence of 78 months' imprisonment.  The defendant argues for a sentence of probation that includes a term of home detention with electronic monitoring.  (Def. Ltr. at 50).  The Court should impose a Guidelines sentence.

The defendant identifies several factors that he contends counsel for a non-guidelines sentence of probation.  In particular, the defendant argues that (1) he is a first-time offender, (2) his conduct falls outside the heartland of child pornography offenses targeted by the Guidelines, and (3) that his background (including his work, family, and friends), show that he is a candidate for a non-guidelines sentence.  Each of these factors, according to the defendant, favor a sentence below the Guidelines Range of 78 to 97 months' imprisonment.  The Government submits, however, that none of these factors warrant a non-guidelines sentence.

First, that the defendant has not been convicted in the past is already taken into account when the parties, and the PSR investigation, determined his Guidelines Range.  Indeed, he is in exactly the same position as every first-time offender convicted of possessing child pornography.  The severity of the Guidelines is not a reflection of the defendant's criminal history, or lack thereof, it is a reflection of the seriousness of the offense.  Receiving child pornography is a severe offense, which brutally impacts the children pictured.

Second, the circumstances of the instant offense – possession of child pornography – encompass the crime charged.  The unremarkable fact that the defendant has not been charged with creating, paying for, or profiting from, child pornography does not favor a sentence of probation.  Obviously, had the defendant created or profited from, child pornography, or if the Government had evidence that the defendant had abused children, he would not be standing before Your Honor in the same position.  Thus, while the Government does not contend that the defendant *did* create, pay for, or profit from, child pornography, what he *did* do, which is possess hundreds of images of child pornography, favors a Guidelines sentence.

Finally, the defendant's background as it relates to the instant offense, and his familial circumstances, do not favor

Hon. Colleen McMahon
May 20, 2008
Page 5

a sentence of probation. The defendant admitted to downloading hundreds of images of child pornography. Although he asserts that he did not know that some of the images that he was viewing and downloading were of children, (PSR p. 21), that is simply unbelievable. Many of the images the defendant downloaded were of *prepubescent* females, engaging in sexual activity with adult males. (*See* PSR ¶ 30). It is difficult to imagine that the defendant was under the mis-impression that these children were adults. Further, the defendant admitted when he was interviewed by law enforcement prior to his arrest that he knew that some of the images on the websites he was visiting contained child pornography. (*See* PSR ¶ 14). In addition, the defendant has admitted during the course of treatment in connection with this case that he "has sexual fantasies about adolescent females," and to be sure, the defendant's computer had approximately 180 images and 27 videos containing child pornography. When these facts are taken into consideration with the defendant's background and family circumstances, a Guidelines sentence is warranted.

For these reasons, the Government contends that a Guidelines sentence is appropriate and reasonable in this case.

### Conclusion

For the foregoing reasons, the Government respectfully submits that the defendant should be sentenced within the Guidelines range of 78 to 97 months' imprisonment.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: /s/ Todd Blanche
Todd Blanche
Assistant United States Attorney
Tel.: (212) 637-2494
Fax.: (212) 637-2390

cc:  Brian Waller, Esq.